| | |
|---|---|
| LUIS SOUSA,<br><br>                Plaintiff,<br><br>   v.<br><br>SEEKONK SCHOOL COMMITTEE;<br>RICH DROLET, in his personal and official capacities,<br><br>                Defendants. | Civil Action No. _____<br><br>**VERIFIED 42 U.S.C. § 1983 COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF, AND DAMAGES**<br><br>**JURY TRIAL DEMAND** |

This is a Civil Action brought by Plaintiff Luis Sousa against Defendants Seekonk School Committee and Rich Drolet. Sousa brings a claim under 42 U.S.C. § 1983 for Defendants' violation of Sousa's First Amendment rights, and alleges as follows:

## THE PARTIES

1. Plaintiff Luis Sousa is an individual who resides in Seekonk, Massachusetts.

2. Defendant Seekonk School Committee is a school committee organized pursuant to G.L. c. 41, § 1 and G.L. c. 71, §§ 1 and 37.

3. Defendant Rich Drolet is the Superintendent of Seekonk Public schools and, at all relevant times, worked in Seekonk, Massachusetts.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this civil action per 28 U.S.C. § 1331 as this is a civil action arising under 42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution.

5. This Court has personal jurisdiction over all defendants as they are all citizens of the Commonwealth of Massachusetts, and the defendants committed the acts complained of within the said Commonwealth.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2) as all defendants reside in this District and all events giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

### Seekonk School Committee Meeting – January 5, 2022

7. On January 5, 2022, Plaintiff Luis Sousa showed up to a Seekonk School Committee ("Committee") meeting. Sousa intended to speak at the Committee meeting.

8. Sousa anticipated the meeting would be open to the public, pursuant to G.L. c. 30A, § 20(a).

9. When Sousa arrived, the door was locked. Sousa saw that the Committee was meeting in the Superintendent's office, in apparent violation of Section 20(a).

10. Sousa walked up to the window and began recording. Sousa wanted to know why the Committee meeting was canceled after two meetings had already been canceled.

### Seekonk Police Department Incident Report – January 5, 2022

11. Despite the absence of any good cause, police were called to respond to Sousa's appearance for the meeting he was entitled to attend.

12. The police report contains provably false narratives from the Seekonk School Committee.

13. According to the police report, Sousa was yelling through the window at the Seekonk School Committee about why they were meeting in secret and why they would not let him address the Committee, police officers from the Seekonk Police Department arrived on the scene. **Exhibit 1**.

14. According to the police report, Kimberly Sluter, then Seekonk School Committee Chair, falsely alleged that Sousa was banging on the windows and yelling at them. *Id.*

15. According to the police report, Sousa's interactions with the police was calm and respectful. Sousa explained that he wanted to address the Committee about the mask mandate.

16. Sousa showed officers the video of his interaction with the Committee.

17. The video shows Sousa addressing the Committee members calmly, but with sufficient volume to be heard through closed windows, and not banging on the windows. *Id.*

18. Sluter, as an agent of the School Committee, lied to the police in order to create a false narrative so that they would take aggressive action against Sousa, but fortunately the Police officer who investigated did so thoroughly and reported the incident honestly on his police report. *Id.*

### Letter from Drolet – January 10, 2022

19. On January 10, 2022, Defendant Superintendent Drolet sent a letter to Sousa threatening to issue a permanent no trespass order pursuant to M.G.L. c. 266, § 120 for disturbing the committee during the January 5, 2022 meeting. **Exhibit 2.**

20. Sousa had not disturbed the committee—he exercised his First Amendment freedoms of speech and petition, the exercise of which the committee is required to tolerate under the Constitution as part of its job.

21. The letter specifically states that "Upon receipt of this letter and until I make my final decision, you are hereby forbidden to enter upon the premises of Seekonk Public Schools, including the grounds and inside any building. Further you are not allowed to attend any Seekonk Public Schools related functions or events." *Id.*

22. Drolet and the School Committee had already made their "final decision," but this was a pretext to create some veneer of deliberation.

### Seekonk School Committee Meeting – September 26, 2022

23. On September 26, 2022, Sousa was waiting in line to address the Committee during the public comment period. Sousa began speaking and, without explanation, was told that he was not allowed to speak.

24. Sousa began to speak a little louder so that he could be heard. Defendant Superintendent Drolet asked Sousa to leave the meeting.

25. Sousa returned to his seat and retrieved his belongings to leave the premises. As Sousa was collecting his belongings, a resource officer entered the room and followed Sousa out of the building.

26. After Sousa left the premises, the Committee reconvened and continued the meeting, in violation of G.L. c. 30A, § 20(a).

Doc ID: 9c87b4a4bee8ecbb41b9311ea08a7cc6e3350711

### Letter from Drolet – September 27, 2022

27. On September 27, 2022, Defendant Superintendent Drolet sent a letter to Sousa putatively admonishing him for his "highly inappropriate and disruptive behavior that required the School Committee to temporarily enter into a recess" on September 26, 2022. **Exhibit 3**. The letter falsely alleges that Sousa "caused a disturbance during the September 26, 2022 School Committee Meeting, yelling and screaming and disrupting . . . ." *Id.*

28. Drolet's letter also addressed the January 5, 2022, incident and states "you approached the windows where the School Committee meeting was taking place and yelled at the individuals present. You started recording the executive session." *Id.* Sousa had not been informed there was an "executive session"; none of the bases for an executive session under G.L. c. 30A, § 21(a) have yet been disclosed to Sousa. Further, any such recording was open, visible, and completely legal.

### Meeting between Sousa and Drolet – October 3, 2022

29. On October 3, 2022, Defendant Drolet held a meeting with Sousa for the ostensible purpose of determining whether to issue a permanent no trespass order, and Sousa recorded the meeting with permission. **Exhibit 4.**

30. Upon information and belief, Drolet's decision was preordained.

31. Defendant Drolet stated that Sousa violated the following three BEDH Public Participation Policy, **Exhibit 5**:

    a. Rule 2 states the following: "All speakers are encouraged to present their remarks in a respectful manner."

    b. Rule 7 states, in relevant part, the following: "Speakers may not assign their time to another speaker, and in general, extensions of time will not be permitted unless the Chair determines there is a good reason to afford an extension."

    c. Rule 9 states the following:

> Disclaimer: Public Speak is not a time for debate or response to comments by the School Committee. Comments made at Public Speak do not reflect the views or the positions of the School Committee. Because of constitutional free speech principles, the School Committee does not have the authority to prevent all speech that may be upsetting and/or offensive at Public Speak

32. During the meeting, Defendant Drolet explained how he believed that Sousa violated the aforementioned BEDH Public Participation policies:

    a. Defendant Drolet alleged that Sousa violated rule number 2 by yelling. Rule 2 states that "[a]ll speakers are encouraged to present their remarks in a respectful manner." Sousa explained that he is Portuguese,[1] has bipolar disorder, and by his nature is loud. *See* **Exhibit 4**. Merely being loud enough to be heard is not disrespectful. Neither was Sousa officially a "speaker" for purposes of that rule. Rule 2 is unconstitutionally vague.

    b. Defendant Drolet explained that during Committee meetings, the public has three minutes to address the Committee. Sousa explained that he was upset that the Committee cut his wife off from speaking because the three minutes is arbitrary. The Committee regularly allows speakers to speak longer than three minutes. *Id.* Sousa had not violated this rule—he did not assign his own time nor exceed any allotted time.

    c. Defendant Drolet alleged that Sousa violated rule 9 by being argumentative. Rule 9 addresses the Committee and puts them on notice that it is not a time for the Committee to debate or respond to comments. To the extent there is any argumentativeness during Public Speak, it is the Committee not adhering to its own rules. *Id.* Moreover, Rule 9 is an unconstitutional content-based restriction on speech and petition which lacks sufficient precision to be valid.

### Letter from Drolet – October 4, 2022

33. On October 4, 2022, Defendant Drolet issued a permanent no trespass order pursuant to M.G.L. c. 266, § 210 against Sousa. **Exhibit 6**. The letter stated "I have considered the information

---

[1] One would expect an educator to have enough cross-cultural competency to be familiar with high context cultures and communication styles. Accordingly, it is more likely than not that Drolet's failure to take this into consideration was willfully discriminatory and not mere ignorance.

that you provided to me yesterday, but it has not changed my view that your behavior has been inappropriate and disruptive." Clearly, Drolet presumed guilt and had a pretextual meeting.

34. The letter further states:

> Please be advised that you are forbidden from entering upon the premises of Seekonk Public Schools, including the grounds and inside any building. Further, you are not allowed to attend any Seekonk Public Schools related functions or events. The only exceptions to this Order are that you may attend a parent-teacher conference for one of your children or a back-to-school night for one of your children if you provide my office with at least forty-eight hours written notice so that proper security can be arranged. If there is another event that you wish to attend, please provide my office with at least forty-eight hours' written notice of your request, and I will give it due consideration. You should also be aware that if you chose to ignore this Permanent No Trespass Order, the Seekonk Police Department will be notified immediately, you may be subject to criminal trespass and other offenses as provided for by law, and you may be subject to arrest. A copy of this Permanent No Trespass Order will be provided to the Seekonk Police Department.

**Activities that Sousa is Prohibited from**

35. Sousa is prohibited from picking up his children from school. His children are 5 and 6 years old.

36. On October 7, 2022, Sousa sent an email to Defendant Drolet requesting the ability to attend upcoming school events and was denied the ability to attend the following four events:

    a. October 11, 2022 PTO meeting;

    b. October 21, 2022 Fall of Flames event; (an event for children at the school)

    c. October 23, 2022 Trunk or Treat event (an event for children at the school); and

    d. November 14, 2022 Seekonk School Committee meeting. **Exhibit 7**.

37. Defendant Drolet agreed to allow Sousa to attend parent-teacher conferences for his two children scheduled October 26, 2022 and October 27, 2022. *Id.*

38. Defendant Drolet also agreed to allow Sousa to attend Seekonk's Fall Town Meeting taking place on Seekonk school grounds on the condition that Sousa provide "at least forty-eight hours' written advance notice so that plans can be made." *Id.*

Doc ID: 9c87b4a4bee8ecbb41b9311ea08a7cc6e3350711

# CAUSE OF ACTION

## *Count I*

**Violation of the First Amendment to the United States Constitution: Retaliation**

**(42 U.S.C. 1983 – First Amendment)**

39. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

40. Plaintiff alleges that Defendants' conduct of issuing a Permanent No Trespass Order forbidding him from entering upon the premises of Seekonk Public Schools, including the grounds and inside any building, or attending any school related functions or events due to his constitutionally protected petitioning activity is unconstitutional and violates his First Amendment rights to freedom of speech and expression, and freedom of petition.

41. Plaintiff alleges that Defendants' conduct of enforcing the unconstitutional Permanent No Trespass Order is unconstitutional and violates his First Amendment rights to freedom of speech and expression, and freedom of petition.

42. Defendants retaliated against Sousa for exercising his First Amendment right to freedom of speech and expression, and freedom of petition.

43. It is clearly established that there is a First Amendment right to petition the government.

44. Defendants' restriction on Plaintiff's speech is content-based and viewpoint discriminatory and is in violation of the Free Speech Clause of the First Amendment and the Right to Petition the Government of the First Amendment.

45. The deprivation of First Amendment rights, even for a moment, is an irreparable injury.

46. The violation of Sousa's First Amendment rights has caused him damage, including mental and emotional injury and has injured his reputation.

47. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

Doc ID: 9c87b4a4bee8ecbb41b9311ea08a7cc6e3350711

## Count II

**Violation of the First Amendment to the United States Constitution**

**Declaratory Judgment & Injunctive Relief**

**(42 U.S.C. 1983 – First Amendment)**

48. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

49. As set forth above, Rule 2 states the following: "All speakers are encouraged to present their remarks in a respectful manner."

50. Rule 2 is unconstitutionally vague and void on its face. "Respectful" appears to mean anything the Committee may happen to approve of at the moment. It can and has been used pretextually and inconsistently.

51. Rule 2 was unconstitutionally applied to Sousa as people on school property are routinely as loud as he was, or louder, but only Sousa was singled out because of the content of his speech—his questioning of why the committee was in seeming violation of the Open Meetings Law.

52. As set forth above, Rule 9 states the following:

> Disclaimer: Public Speak is not a time for debate or response to comments by the School Committee. Comments made at Public Speak do not reflect the views or the positions of the School Committee. Because of constitutional free speech principles, the School Committee does not have the authority to prevent all speech that may be upsetting and/or offensive at Public Speak

53. Rule 9 is an unconstitutional content-based restriction on the freedom of speech and petition. Debate and response to comments are about the content of the speech and petition. If a Committee member broaches a subject first, it can foreclose a member of the public from speaking on that subject, irrespective of whether they knew the Committee would address it. This means that any committee member can stifle public speaking on any subject merely by mentioning it first.

54. Rule 9 was unconstitutionally applied to Sousa. People routinely debate and respond to the Committee at public speak. Sousa was punished for the content of his speech.

Doc ID: 9c87b4a4bee8ecbb41b9311ea08a7cc6e3350711

55. Therefore, Plaintiff is entitled to a declaration that the rules are void and an injunction on their enforcement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court:

A. A declaration that the Permanent No Trespass Order issued by Defendants is unconstitutional under the First and Fourteenth Amendments of the United States Constitution.

B. A declaration that Defendants' actions in enforcing the Permanent No Trespass Order is unconstitutional under the First and Fourteenth Amendments of the United States Constitution.

C. A preliminary and permanent injunction enjoining each Defendant from interfering with Plaintiff's right to lawfully engage in constitutionally protected expression and activity within Seekonk, Massachusetts.

D. A declaration that Rules 2 & 9 are unconstitutional

E. A declaration that Rules 2 & 9 were unconstitutionally applied to Sousa

F. A preliminary and permanent injunction enjoining the enforcement of Rules 2 & 9.

G. To award Plaintiff damages for the violation of his constitutional rights;

H. To award Plaintiff his reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and any other applicable law; and

I. To award such other relief as this Honorable Court may deem just and proper.

Dated: October 20, 2022

Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

*Attorneys for Plaintiff
Luis Sousa*

# VERIFICATION OF COMPLAINT

I, Luis Sousa, am the Plaintiff in the above-captioned matter. I have reviewed the foregoing allegations in this Verified Complaint, and I hereby declare under the penalty of perjury that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Dated: 10 / 20 / 2022                              By: _____/s/_____
                                                        Luis Sousa