UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS SOUSA, <br><br> Plaintiff, <br><br> v. <br><br> SEEKONK SCHOOL COMMITTEE; RICH DROLET, in his personal and official capacities; KIMBERLY SLUTER, in her personal and official capacities, <br><br> Defendants. | Civil Action No. 1:22-cv-40120-IT |

## TEMPORARY RESTRAINING ORDER

December 9, 2022

TALWANI, D.J.

Plaintiff Luis Sousa alleges violations of his First and Fourteenth Amendment rights by the Seekonk School Committee (the "School Committee") and Rich Drolet, Superintendent of Seekonk Public Schools. Amend. Compl. [27].[1] Pending before the court is Sousa's Renewed Emergency Motion for a Temporary Restraining Order and for a Preliminary Injunction ("Renewed Motion") [Doc. No. 28] seeking to enjoin the School Committee and Drolet from enforcing a no trespass order.[2] The School Committee and Drolet oppose Plaintiff's Motion. See Prelim. Opp. [Doc. No. 30]; Opp. [Doc. No. 41].

### I. Factual Background

The School Committee holds regular and special meetings that are open to the public. Drolet Aff. ¶ 3 [Doc. No. 16-1]. Under the School Committee's "Public Participation at School

---

[1] The Amended Complaint asserts an additional claim not relevant here and also names School Committee Member Kimberly Sluter.

[2] The motion does not seek to enjoin Sluter. See Renewed Motion 1, n. 1 [Doc. No. 28].

Committee Meetings Policy" ("Public Participation Policy") [Doc. No. 27-12], members of the public may address the School Committee during public comments periods known as Public Speak. Id. at ¶ 4.

On January 5, 2022, after the Public Speak portion of the School Committee meeting, the School Committee met in executive session. Pl's Ex. 2 (January 5, 2022 Meeting Minutes) [Doc. No. 27-2]; Drolet Aff. ¶ 7 [Doc. No. 16-1]. When Sousa arrived at the School Committee meeting, he found the door locked and the School Committee meeting behind closed doors in the Superintendent's office. Amend. Compl. ¶¶ 8-9 [Doc. No. 27].[3] Sousa began yelling in protest and the police were called. Id. at ¶¶ 10-11; Pl's Ex. 2 (January 5, 2022 Meeting Minutes) [Doc. No. 27-2]; Drolet Aff. ¶¶ 7-8.

On January 10, 2022, Drolet sent Sousa a letter in which he stated that Sousa had "caused a disturbance during the School Committee's executive session" on January 5, 2022. Pl's Ex. 5 (January 10, 2022 Letter) [Doc. No. 27-5]; Drolet Aff. ¶ 9 [Doc. No. 16-1]. Drolet advised Sousa that School Committee members were afraid for their safety because of Sousa's conduct and that Drolet was considering issuing a permanent No Trespass Order. Pl's Ex. 5 (January 10, 2022 Letter) [Doc. No. 27-5]. Drolet subsequently advised Sousa first that the no trespass order remained in effect and then that the order had been lifted. Drolet Aff. ¶¶ 10-11 [Doc. No. 16-1].

On September 26, 2022, Sousa and his wife Kanessa Lynn attended another School Committee meeting. Id. at ¶ 12. After Lynn used her three minutes of allotted time under the Public Participation Policy, the School Committee chair twice indicated that Lynn's time had

---

[3] Plaintiff did not submit an affidavit in support of his motion and the Amended Complaint [Doc. No. 27] is unverified. Accordingly, the allegations from the Amended Complaint recounted here are limited to those also asserted in the original Verified Complaint [Doc. No. 1].

run. Id. at ¶ 12. From the audience, Sousa raised his voice several times and disrupted the meeting. Id. at ¶¶ 12-13. A School Committee member moved for a recess, Sousa continued to yell, Drolet asked Sousa to "please leave" the meeting, Sousa refused, and a resource officer escorted Sousa out. Id. at ¶¶ 12-14. After Sousa left, the School Committee resumed the meeting. Amend. Compl. at ¶ 43 [Doc. No. 27].

On September 27, 2022, Drolet issued a Notice of Intent to Issue a Permanent No Trespass Order. Drolet Aff. ¶ 15 [Doc. No. 16-1]. On October 3, 2022, Sousa and Drolet met and Sousa denied that he had engaged in unacceptable behavior. Id. at ¶ 16.

On October 4, 2022, Drolet issued a permanent no trespass order. Pl's Ex. 13 (Permanent No Trespass Order) [Doc. No. 27-13]. The order prohibited Sousa from entering the Seekonk Public Schools premises and attending school events. Id. The order permitted Sousa to attend parent teacher conferences and back to school nights for his children, who attend Seekonk Public Schools, so long as he gave 48-hours notice. Attendance at other events required permission from Drolet.

On November 23, 2022, Drolet issued a Modified No Trespass Order [Doc. No. 41-1], which rescinded the earlier conditions in the Permanent No Trespass Order [Doc. No. 27-13] and modified the order to forbid Sousa from entering Seekonk Public School premises for the purpose of attending School Committee meetings for one year, until November 23, 2023.

## II. Procedural Background

On October 20, 2022, Sousa filed his Verified Complaint [Doc. No. 1] and Emergency Ex Parte Motion for a Temporary Restraining Order and For a Preliminary Injunction [Doc. No. 2]. The court denied in part Sousa's request for a temporary restraining order and set a hearing on the motion for preliminary injunction for November 10, 2022, in advance of the November

14, 2022 School Committee meeting. Elec. Order. [Doc. No. 11]. On November 7, 2022, Drolet and the School Committee filed their Opposition [Doc. No. 16], including Drolet's Affidavit [Doc. No. 16-1]. On the evening of November 9, 2022, after the court denied Sousa's repeated attempts to file additional material before the hearing, see Elec. Orders [Doc. Nos. 20, 23], Sousa withdrew his Emergency Ex Parte Motion [Doc. No. 2], see Notice of Withdrawal [Doc. No. 24], and the court cancelled the scheduled hearing, see Elec. Notice [Doc. No. 25].

On Friday, November 11, 2022, Sousa filed his Amended Complaint [Doc. No. 27] and Renewed Emergency Motion for a Temporary Restraining Order and For a Preliminary Injunction [Doc. No. 28].[4] The renewed motion, filed on a state and federal holiday, requested entry of "a temporary restraining order permitting [Sousa] to attend the next Committee meeting on [Monday] November 14, 2022, and participate in Public Speak, without him being disruptive[.]" Mem. 20 [Doc. No. 29]. The court denied the motion as to emergency relief regarding the November 14, 2022 School Committee meeting and set a November 28, 2022 deadline for Defendants' response to the request for a preliminary injunction. Elec. Order [Doc. No. 31]. On November 28, 2022, Drolet and the School Committee filed their Opposition [Doc. No. 41] and the Modified No Trespass Order [Doc. No. 41-1].

On December 5, 2022, Sousa filed a Supplement in Support of Plaintiff's Renewed Emergency Motion for a Temporary Restraining Order and for a Preliminary Injunction [Doc.

---

[4] Plaintiff also sought a preliminary injunction allowing Sousa to pick up his children and attend other events on school grounds. As of November 23, 2022, Sousa is no longer prohibited from picking up his children and attending school events, see Modified No Trespass Order [Doc. No. 41-1] and accordingly that portion of the Renewed Motion [Doc. No. 28] is moot.

No. 45], stating that he sought to attend the upcoming School Committee meeting on December 19, 2022. The court held a hearing on Sousa's motion on December 8, 2022.[5]

### III.   Standard of Review

The issuance of a temporary restraining order before a trial on the merits can be held is an "extraordinary remedy" that shall enter only if a plaintiff makes a clear showing of entitlement to such relief. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). In evaluating a motion for a temporary restraining order, the court considers four factors:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

Esso Standard Oil Co. v. Monroig–Zayas, 445 F.3d 13, 17–18 (1st Cir. 2006) (quoting Bl(a)ck Tea Soc'y v. City of Boston, 378 F.3d 8, 11 (1st Cir. 2004)); see also Bourgoin v. Sebelius, 928 F. Supp. 2d 258, 267 (D. Me. 2013) (standard for issuing TRO is "the same as for a preliminary injunction").

"In the First Amendment context, the likelihood of success on the merits is the linchpin of the preliminary injunction analysis." Sindicato Puertorriqueno de Trabajadores v. Fortuno, 699 F.3d 1, 10 (1st Cir. 2012). "To demonstrate likelihood of success on the merits, plaintiffs must show 'more than mere possibility' of success—rather, they must establish a 'strong likelihood' that they will ultimately prevail." Id. (quoting Respect Maine PAC v. McKee, 622 F.3d 13, 15 (1st Cir. 2010)).

---

[5] Plaintiff's counsel argued at the hearing that he was also seeking to enjoin Public Participation Policy Rule 2 and Rule 9 as unconstitutional restrictions on speech under the First Amendment (Count II). That relief was not requested in the pending Renewed Motion [Doc. No. 28], however, and accordingly, is not presently before the court.

## IV. Discussion

Sousa's Renewed Motion [Doc. No. 28] seeks a temporary restraining order permitting him "to attend the next Committee meeting on November 14, 2022, and participate in Public Speak, without him being disruptive." Mem. 20 [Doc. No. 29]. Sousa's Supplement [Doc. No. 45] requested interim limited relief to attend the School Committee meeting on December 19, 2022. The narrow question presented is whether Sousa is likely to prevail on his claim that the School Committee and Drolet may not bar him from the next Committee meeting if he is not disruptive. In applying the four-part standard, the court considers only prospective relief and makes no finding as to any alleged past wrongdoing by the Defendants.

Both parties agree that School Committee meetings are limited public forums, in which "[t]he State may [] enforce regulations of the time, place, and manner of expression which are content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication," Frisby v. Schultz, 487 U.S. 474, 481 (1988) (quoting Perry Education Assn. v. Perry Local Educators' Assn., 460 U.S. 37, 45 (1983)), but "may not exclude speech where its distinction is not 'reasonable in light of the purpose served by the forum,' nor [] discriminate against speech on the basis of its viewpoint." Rosenberger v. Rector & Visitors of Univ. of Virginia, 515 U.S. 819, 829 (1995) (internal citations omitted). On the record now before the court, Sousa has demonstrated neither a likelihood to prevail on a claim of viewpoint discrimination nor an unreasonable application of content-neutral time, place and manner restrictions. If Sousa were seeking an order allowing him to continue disrupting School Committee meetings, the motion would be denied.

But the court does not understand the present motion as a demand that the School Committee be required to allow Sousa to engage in the same conduct at future Committee

meetings. Instead, Sousa seeks an injunction so that he may "attend the [upcoming] Committee meeting, and participate in Public Speak, <u>without . . . being disruptive</u>." Mem. 20 [Doc. No. 29] (emphasis added). The court finds a likelihood that the Committee's ban on Sousa's attendance and participation if he is not disruptive would violate the First Amendment as it would not be narrowly tailored.

Further, in the event that Sousa is successful on this claim, a restriction on his ability to participate in Public Speak would be an irreparable harm. See Elrod v. Burns, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").

So long as Sousa does not engage in disruptive behavior, the balance of equities tips in Sousa's favor, and allowing Sousa to attend the December 19, 2022 School Committee meeting supports the public interest. The balance of equities and the public interest tip the other way, however, if Sousa does engage in disruptive behavior at future meetings.

For these reasons, the one-year ban set forth in the Modified No Trespass Order [Doc. No. 41-1] is stayed insofar as Sousa may attend the December 19, 2022 School Committee meeting and speak during his allotted time at Public Speak, without being disruptive, as requested in his <u>Renewed Motion</u> [Doc. No. 28]. Nothing in this Order shall be construed, however, to prohibit or limit Defendants' enforcement of the Public Participation Policies [Doc. No. 27-12] at the December 19, 2022 School Committee meeting.

## V. Conclusion

Accordingly, pending further order of the court IT IS HEREBY ORDERED that:

- The Modified No Trespass Order [Doc. No. 41-1] is temporarily stayed solely to allow Sousa to attend and speak without being disruptive during his allotted time

at Public Speak during the upcoming Seekonk School Committee meeting scheduled for December 19, 2022, subject to the Public Participation Policies [Doc. No. 27-12].

- A hearing has been set for December 22, 2022, at 10:00 a.m. to determine whether this Temporary Restraining Order shall be continued. See Fed. R. Civ. P. 65(b).

IT IS SO ORDERED.

December 9, 2022

/s/ Indira Talwani
United States District Judge

8