UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS SOUSA,<br><br>    Plaintiff,<br><br>v.<br><br>SEEKONK SCHOOL COMMITTEE; RICH DROLET, in his personal and official capacities; KIMBERLY SLUTER, in her personal and official capacities,<br><br>    Defendants. | Civil Action No. 1:22-cv-40120-IT<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Luis Sousa ("Sousa") only discovered on Dec. 12, 2022 that there are security cameras observing the area where a disputed event took place. Accordingly, Sousa respectfully moves this Court for leave to conduct limited expedited discovery in order to obtain the footage from this camera, as it would have the effect of immediately controverting the facts presented by Defendants and confirming the facts presented by Plaintiff in this action. Discovery is needed at this juncture because a status hearing on Plaintiff's Renewed Motion for a Temporary Restraining Order and for a Preliminary Injunction is scheduled for December 22, 2022.

**1.0    Introduction[1]**

This case centers around an accusation that Sousa acted erratically, allegedly banging on windows and shouting during a protest on January 5, 2022. Sousa's version of the story is backed up by police officers' observations at the scene and video evidence that the officers viewed at the scene. Following a contentious school board meeting later in the year, the Defendants permanently banned Sousa from entering school property.

---

[1] For the sake of brevity, and because the Court is familiar with the facts at issue here, Plaintiff incorporates by reference the facts set forth in his Memorandum in Support of Renewed Motion for a Temporary Restraining Order and for a Preliminary Injunction. Doc. No. 29.

What transpired during that first incident is thus important for determining whether Sousa actually behaved as inappropriately like Defendants contend, or whether the narrative was manufactured as a pretext to unlawfully deprive Sousa of his rights. Accordingly, this motion follows.

Until December 12, 2022, Plaintiff and his counsel were unaware that the area in which the incident occurred was covered by a security camera that would have recorded footage of the events unfolding. Upon discovering that security camera footage may exist, Sousa first attempted to obtain the footage voluntarily from Defendants. When Defendants ignored this request, Sousa followed up. Defendants ignored that, too. Having not received a response from Defendants regarding the footage, Plaintiff prepared this instant motion.

**2.0     Argument**

The Federal Rules allow early discovery in a case upon a showing of good cause. There is good cause here because the footage is highly relevant to facts at issue in Sousa's pending Motion for Preliminary Injunction. Further, there is no prejudice to adverse parties in this case. Plaintiffs have requested the Defendants position on the relief requested in this motion, and Defendants have not responded to these queries.

Sousa specifically request early discovery in the following form:

- Leave to serve a request for production of documents upon Defendant seeking any security camera footage during the relevant time period on January 5, 2022; and,
- If the security camera footage does not exist, leave to serve an interrogatory seeking a full narrative of the process by which the video was deleted, who deleted it, and why it was deleted.
- Sousa requests that the Court order that this discovery be answered by Defendants on or before December 20, 2022 (two days prior to the hearing scheduled for December 22, 2022).

Rule 26(d) of the Federal Rules of Civil Procedure generally provides that discovery may not commence until the parties have conferred as required by Rule 26(f). However, it also specifies

that discovery may be conducted prior to the Rule 26(f) conference "when authorized by... court order." Fed. R. Civ. P. 26(d)(1); *Momenta Pharm., Inc. v. Teva Pharm. Indus.*, 765 F. Supp. 2d 87, 88 (D. Mass. 2011). "[G]ood cause for expedited discovery exists if the request is 'reasonable … in light of all the circumstances,' when considering 'the purpose for the discovery, the ability of the discovery to preclude demonstrated irreparable harm, the plaintiff's likelihood of success on the merits, the burden of discovery on the defendant, and the degree of prematurity." *KPM Analytics N. Am. v. Blue Sun Sci., LLC*, 540 F. Supp. 3d 145, 146 (D. Mass. 2021) (quoting *Momenta Pharms.*, 765 F.Supp.2d at 88).

### 2.1 Purpose of the Discovery / Ability of the Discovery to Preclude Demonstrated Irreparable Harm

Here, the discovery is important. Defendants have argued, and presumably will continue to argue, that despite the evidence presented thus far, Sousa acted erratically on January 5, and that it was a valid reason to bar him from entering school property. However, security camera footage will show that Sousa behaved reasonably and in a controlled manner at all times. If this is the case, as Plaintiff contends, this discovery will support Sousa's contention that he was banned from school property for his speech and not for "banging on the windows."[2] Because Sousa's Motion for Preliminary Injunction is currently pending before this Court, entering the security camera footage into the record prior to this Court's ruling on his requested relief will aid in preventing Sousa from suffering further irreparable harm. *See* Temporary Restraining Order, Dkt. No. 54 at 7 ("[A] restriction on [Sousa's] ability to participate in Public Speak would be an irreparable harm.") (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

### 2.2 Likelihood of Success

This Court has already entered a Temporary Restraining Order in Sousa's favor and found that "[t]he court finds a likelihood of that the Committee's ban on Sousa's attendance and participation [in Committee meetings] if he is not disruptive would violate the First Amendment

---

[2] This is not an admission that even if he had been banging on the windows that the Defendants responded reasonably. However, this issue should be resolved in order to frame the issues better.

- 3 -
Memorandum in Support of Motion for Limited Early Discovery
1:22-cv-40120-IT

as it would not be narrowly tailored." Doc. No. 54 at 7. Accordingly, as this evidence will show that Sousa was not disruptive as described by Defendant Sluter, and thus will likely not be disruptive in similar ways in the future, Sousa is able to show a likelihood of success.

### 2.3   Burden on the Defendants

Defendants either have the security camera footage or they do not. If they do have the footage handy, that would be surprising. One would imagine they reviewed it in order to support their narrative. It is likely sitting on a hard drive in a security office somewhere on property controlled by Defendants. Defendants likely employ individuals who know how to search the camera's past footage and easily distribute that footage to Plaintiff and his counsel. Having located the correct personnel to query, this is a task which under no circumstances should take more than an hour of one person's time. Accordingly, the request is minimally burdensome.

### 2.4   Degree of Prematurity

This case has already been pending since October 20, 2022. Defendants Seekonk School Committee and Drolet have appeared in this litigation, and they answered Plaintiffs' Complaint on November 30, 2022. However, no Rule 26(f) conference has been held. Accordingly, the requests are minimally premature because ordinary discovery will likely commence very soon.

### 3.0   Conclusion

In light of the foregoing, Plaintiff Luis Sousa asks that this Court grant him leave to take the requested discovery and order that Defendants must respond to the discovery on or before December 20, 2022 so that the Court may review this security footage to determine who is more credible in their description of the events. In the alternative, the Court could compel the Defendants to provide this video footage or an explanation as to why it no longer exists to the Court at least 24 hours prior to the hearing on the motion for preliminary injunction. Plaintiff recognizes that if it is produced, for the first time at such a late date, it could contain information that surprises Plaintiff, but Plaintiff is so confident of what it will show that he is willing to bear that risk.

Dated: December 13, 2022.   Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com
Robert J. Morris, II (*pro hac vice*)
rjm@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

Attorneys for Plaintiff
Luis Sousa

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2022 the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Marc J. Randazza
Marc J. Randazza